IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID TYRON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 13-1180-JDT-egb |
| | ) | |
| WESTERN MENTAL HEALTH, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL WITHOUT PREJUDICE
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The *pro se* Plaintiff, David Tyron Jones, filed a civil complaint pursuant to 42 U.S.C. § 1983 on June 12, 2013. (Docket Entry 1.) In compliance with an order of the Court, Plaintiff subsequently filed a motion to proceed *in forma pauperis*, which was granted on June 25, 2013. (D.E. 2, 3, & 4.)[1] The order granting *in forma pauperis* also instructed Plaintiff to "promptly notify the Clerk, in writing, of any change of address" and warned that failure to comply with that or any other order could "result in the dismissal of this case without further notice." (D.E. 4 at 2.)

On October 25, 2013, U.S. Magistrate Judge Edward G. Bryant[2] issued an order finding that the single factual allegation in the complaint, which is asserted against Defendant Kim Taylor, did

---

[1] The order granting leave to proceed *in forma pauperis* was returned as undeliverable on July 3, 2013. (D.E. 5.) On July 25, 2013, the Clerk received a document from Plaintiff that reflected a change of address. (D.E. 6.) Plaintiff's address was updated, and the order was remailed and not returned. On August 9, 2013, the Clerk mailed Plaintiff a form to complete if he wanted to receive electronic notices of filing in this case. That form was returned as undeliverable on August 19, 2013. (D.E. 7.)

[2] Pursuant to Administrative Order No. 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

not state a claim under § 1983. (D.E 8.) Plaintiff was allowed fourteen days to amend his complaint to correct the deficiency. (Id. at 2.) The order also stated that failure to respond to the order within the time specified could result in dismissal of the action. (Id.) Plaintiff's copy of the order was returned as undeliverable on November 4, 2013. (D.E. 9.) Therefore, on November 15, 2013, Magistrate Judge Bryant issued a Report and Recommendation ("R&R") in which he recommended dismissal of the action without prejudice for failure to comply with the Court's orders. (D.E. 10.) Objections to the R&R were due within fourteen days after service. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

On November 25, 2013, Plaintiff's copy of the R&R also was returned as undeliverable. (D.E. 11.) He has submitted no further changes of address. The Court agrees with and ADOPTS the Magistrate Judge's recommendation of dismissal, as a litigant's most basic responsibility is to notify the Court of his whereabouts. Therefore, this case is DISMISSED without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with the orders of the Court.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he or she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. The same considerations that lead the Court to dismiss this case under Fed. R. Civ. P. 41(b) also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee[3] or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[3] Effective December 1, 2013, the appellate filing fee increased to $500. Pursuant to 28 U.S.C. § 1917, the district court also charges a $5 fee for filing the notice.

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.